UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
ARMEN FESTEKJIAN,
Plaintiff,
v.
WINCHESTER POLICE DEPARTMENT and
LIEUTENANT STEPHEN PALMER, in his individual capacity,

Defendants.
C.A. No.: 1:26-cv-13059-WGY

FIRST AMENDED COMPLAINT

Plaintiff Armen Festekjian ("Plaintiff"), proceeding pro se, hereby amends his Complaint against Defendants Winchester Police Department (the "Department") and Lieutenant Stephen Palmer ("Lt. Palmer"), in his individual capacity, and states as follows:

## I. PARTIES

1. Plaintiff Armen Festekjian resides at 4 McCall Road, Winchester, Massachusetts 01890.
2. Defendant Winchester Police Department is a municipal law enforcement agency with a principal place of business in Winchester, Massachusetts. It is named here solely as to Count III (Monell liability); the defamation claim previously asserted against the Department is voluntarily withdrawn, as set forth in Paragraph 3 below.
3. Plaintiff withdraws Count I (Defamation) as against the Department. Under M.G.L. c. 258, § 10(c), a municipality is immune from liability for intentional torts, including libel and slander. Plaintiff does not contest this bar and amends his Complaint accordingly. Count I is pursued solely against Lt. Palmer in his individual capacity.
4. Defendant Lieutenant Stephen Palmer was at all times relevant to this action a sworn officer of the Winchester Police Department, acting under color of state law, and is sued here in his individual capacity.

## II. JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over Plaintiff's federal claims (Counts II, III, and IV) pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1983, and supplemental jurisdiction over Plaintiff's state-law claim (Count I) pursuant to 28 U.S.C. § 1367.
6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the events giving rise to this action occurred in Winchester, Massachusetts, within the District of Massachusetts.

## III. STATEMENT OF FACTS

7. On or about July 8, 2024, Plaintiff was involved in a physical altercation with his brothers, Alek Festekjian and Aram Festekjian, at the family home at 4 McCall Road, Winchester, Massachusetts.

8. Officers of the Winchester Police Department, including Lt. Palmer, responded to the scene. Upon arrival, Lt. Palmer personally observed that Plaintiff was bleeding and asked Plaintiff whether he required medical treatment or supplies. This observation was within Lt. Palmer's direct personal knowledge, independent of any statement made by any other person present.
9. Notwithstanding this personal observation, the police report authored following the incident (Case No. 403328) omits any reference to Plaintiff's visible injuries or bleeding, while including statements from Plaintiff's brothers minimizing or denying that any blood or injury existed.
10. The police report further recites statements attributed to Plaintiff's brothers characterizing Plaintiff's religious and theological discussion — including references to scripture and to "witchcraft" — as symptomatic of mental illness, alongside claims of "delusions" and medication non-compliance.11. The report reflects that Plaintiff was presented with the choice of going to Winchester Hospital "voluntarily or involuntarily." Plaintiff contends that this was not a meaningful choice, as the only alternative to “voluntary" compliance was commitment by force.
12. Plaintiff was transported to Winchester Hospital and evaluated on the basis of the statements described above.
13. On May 26, 2026, and again on August 13, 2024, Plaintiff went to the Winchester Police Department in person to dispute the accuracy of the July 2024 report. Department personnel acknowledged Plaintiff's objections but declined to alter the report or take further action.

IV. CLAIMS FOR RELIEF

COUNT I — DEFAMATION (Against Lt. Palmer, Individually)
14. Plaintiff incorporates the foregoing paragraphs by reference as if fully set forth herein.
15. Lt. Palmer's official report conveyed the overall characterization that Plaintiff's conduct arose from a one-sided mental health crisis, while omitting Lt. Palmer's own contemporaneous observation of Plaintiff's injuries — an observation directly relevant to, and in tension with, that characterization.
16. A public official's conditional privilege for statements made in the course of official duties is defeated where the official acts with reckless disregard for the truth of the overall impression conveyed by his statement. Lt. Palmer's personal, contemporaneous observation of evidence contradicting the narrative he adopted in his report is sufficient to plausibly allege such reckless disregard.
17. As a direct and proximate result of Lt. Palmer's report, Plaintiff suffered injury to his reputation, was subjected to psychiatric hospitalization, and suffered resulting emotional distress and loss of personal relationships.

COUNT II — SUBSTANTIVE DUE PROCESS, 42 U.S.C. § 1983 (Against Lt. Palmer, Individually)
18. Plaintiff incorporates the foregoing paragraphs by reference as if fully set forth herein.
19. Involuntary psychiatric commitment implicates a protected liberty interest under the Fourteenth Amendment, including the stigma and confinement inherent in such commitment. Vitek v. Jones, 445 U.S. 480 (1980).

20. The choice presented to Plaintiff — to proceed to the hospital "voluntarily" or be taken "involuntarily" — did not constitute a meaningful exercise of free will, as the only alternative to compliance was commitment by force.
Plaintiff's resulting hospitalization therefore constituted a deprivation of liberty attributable to Lt. Palmer’s conduct.
21. Lt. Palmer's reliance on uncorroborated statements from interested parties who had just been in physical conflict with Plaintiff, without investigating readily available contrary evidence within his own direct observation, exceeded ordinary negligence and reflected reckless indifference to Plaintiff's liberty interest.

COUNT III — MUNICIPAL LIABILITY, 42 U.S.C. § 1983 (Against the Department) (Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978))
22. Plaintiff incorporates the foregoing paragraphs by reference as if fully set forth herein.
23. The Department has engaged in a recurring practice, spanning multiple years and multiple occasions, of initiating or facilitating psychiatric evaluations of Plaintiff based solely on statements from interested family members referencing Plaintiff's religious speech as evidence of mental instability, without independent investigation or corroboration.
24. This recurring practice, repeated with the same mechanism against the same individual over a period of years, is sufficiently permanent and regular to constitute a custom attributable to the Department, independent of whether the practice has yet been documented as to other individuals.
25. This custom was the moving force behind the deprivation of Plaintiff's liberty and First Amendment rights as alleged herein.

COUNT IV — FIRST AMENDMENT RETALIATION, 42 U.S.C. § 1983 (Against Lt. Palmer, Individually, and the Department)
26. Plaintiff incorporates the foregoing paragraphs by reference as if fully set forth herein.
27. Plaintiff's discussion of scripture and religious belief is speech protected by the First Amendment.
28. The police report treats Plaintiff's religious statements — including references to "witchcraft" and theological discussion — not as protected expression, but as clinical symptoms woven into the diagnostic narrative that justified the state action taken against Plaintiff, namely his referral for psychiatric evaluation.
29. By treating Plaintiff's protected religious speech as evidentiary support for state action depriving him of liberty, Defendants retaliated against Plaintiff for the exercise of his First Amendment rights, and this pattern recurred across the incidents described in Count III above.

V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

a. Enter judgment in favor of Plaintiff and against Defendants on all counts;

b. Order that the July 2024 police report (Case No. 403328) be corrected, amended, or annotated to reflect Lt. Palmer's contemporaneous observation of Plaintiff's injuries;
c. Order the production of all body-worn camera footage, cruiser audio/video, station recordings, and dispatch logs related to the incidents described herein;
d. Award compensatory damages for emotional distress, reputational harm, and deprivation of liberty in an amount to be determined at trial;
e. Award Plaintiff his costs; and
f. Grant such other and further relief as this Court deems just and proper.

Dated: September 16, 2026

Respectfully submitted,

Armen Festekjian, Pro Se
4 McCall Road, Winchester, MA 01890